UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCILO CAICEDO HINESTROZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No. 25-cv-07559-JD <br><br> **ORDER RE PRELIMINARY INJUNCTION** |

Petitioners Narcilo Caicedo Hinestroza, Jairo Andres Dangond Lopez, and Jhelvin Jherh Ramos Huaman filed a petition for a writ of habeas corpus against respondents Sergio Albarran[1], Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General, all named in their official capacities. *See* Dkt. No. 1. Petitioners filed an application for a temporary restraining order for release from detention, Dkt. No. 2, which the Court granted, Dkt. No. 8. The parties filed briefs with respect to a preliminary injunction, and the Court held a hearing. *See* Dkt. Nos. 11, 12, 15. The parties' familiarity with the record is assumed and an injunction is granted.

The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted. Petitioners have raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether they may be detained in the circumstances presented here, and have also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-CV-03070-JD, 2025 WL 1755442, at *8 (N.D. Cal. June 24, 2025) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

---

[1] Respondent Sergio Albarran is substituted for Polly Kaiser. *See* Federal Rule of Civil Procedure 25(d).

2011)); Dkt. No. 8. The government's contentions to the contrary, Dkt. No. 11, are substantively identical to those raised in opposition to the TRO, Dkt. No. 5. The Court has already addressed and disallowed these arguments, Dkt. No. 8, and that discussion and reasoning are incorporated here. The government has not presented a good reason to reach a different conclusion at this time.

Consequently, a preliminary injunction is granted on the ensuing terms. If circumstances change materially, the government may request a modification of the injunction.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioners Narcilo Caicedo Hinestroza, Jairo Andres Dangond Lopez, and Jhelvin Jherh Ramos Huaman without a pre-detention hearing before a neutral decisionmaker.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioners Narcilo Caicedo Hinestroza, Jairo Andres Dangond Lopez, and Jhelvin Jherh Ramos Huaman out of the District without the Court's prior approval.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so petitioners need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to jointly propose by November 28, 2025, a briefing schedule on the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: November 5, 2025

JAMES DONATO
United States District Judge